FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

02 OCT -1 PM 3: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| Cherie A. Khan, | ] | |
| Plaintiff(s), | ] | |
| vs. | ] | CV-02-N-1849-S |
| Provident Life and Accident Insurance Company, et al., | ] | |
| Defendant(s). | ] | |

**ENTERED**
OCT 0 1 2002

## Memorandum of Opinion

### I. Introduction

The court has for consideration the motionS of defendants Southern Company, SouthernFlex Long Term Disability Plan, and Providence Life and Accident Insurance company (hereinafter "SoCo") to dismiss Count I of plaintiff Cherie Khan's Complaint, and to strike Khan's requests for punitive and extra-contractual damages, and her request for a jury trial, filed August 16, 2002 and August 19, 2002 (Doc. #7 and #9). The issues have been briefed by both parties are ripe for determination. Upon due consideration, the motions will be **GRANTED** in all respects.

### II. Standard for Decision

A Rule 12(b)(6) motion tests the legal sufficiency of the Complaint. *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1368 (11th Cir. 1997). The court may dismiss a complaint under that rule only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Conley v.*



*Gibson*, 355 U.S. 41, 45-46 (1957). For the purpose of ruling on a 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations of the complaint. Moreover, it views them in a light most favorable to the non-moving party. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Burch v. Apalachee Community Mental Health Servs.*, 840 F.2d 797, 798 (11th Cir. 1988) (en banc).

### III.    Allegations of the Complaint

Khan was employed by the Southern Company which had a qualified employee's pension or retirement plan under Section 401 of the Internal Revenue Code of 1954, as amended, and an employee pension plan within the meaning of the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1002 (2)(A) and § 1002(35). Defendants Provident Life and Accident Insurance Company are the insurance companies that offer and administer the long-term benefits program.

Khan suffers from Fibromyalgia and Chronic Myofascial Pain Syndrome. Around October 24, 2000, Khan applied for long term disability benefits under the plan with Provident based upon significant disabilities associated with her disease. Provident approved Khan's initial application for long-term disability benefits, but on November 27, 2001 decided to terminate them. Khan responded on December 21, 2001 by submitting additional medical support of her condition and a letter to Met Life in support of her appeal. Provident notified Khan that her appeal was denied and her case was closed on April 25, 2002.

Khan's Complaint contains two counts, the first is one for bad faith and the second is for ERISA claims. Khan demanded punitive and extracontractual damages based on Count I and a jury trial for the entire proceeding.

## IV. Discussion

Khan's claims relate to an employee welfare benefit plan which is governed exclusively by the terms of ERISA. She expressly acknowledges in her Complaint that she is making a claims for ERISA benefits (*Complaint* ¶¶ 1-2). In *Walker v. Southern Co. Serv., Inc.*, 279 F.3d 1289 (11th Cir. 2002), *reh'g denied* 2002 U.S. App. LEXIS 8410 (11th Cir. Mar. 15, 2002) the Eleventh Circuit examined bad faith law in Alabama and conclusively determined that bad faith claims are subject to ERISA preemption. *See also Gilbert v. Alta Health and Life Ins. Co.*, 276 F.3d 1292 (11th Cir. 2001) (holding the "Alabama tort of bad faith ... does implicate the exclusivity of ERISA's enforcement provisions").[1] The aforementioned cases clarified longstanding Supreme Court and Eleventh Circuit precedent which previously suggested bad faith claim would be preempted. *See e.g. Metropolitan Life Ins. Co., v. Taylor*, 481 U.S. 58 (holding that state common law contract claims are preemted by ERISA and noting "Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207 (11th Cir. 1999); *Amos v. Blue Cross, Blue Shield of Ala.*, 868 F.2d 430 (11th Cir. 1989), *cert. denied*,

---

[1] ERISA preempts all state law claims except those excluded by the "savings clause." The clause tempers the doctrine by exempting state laws that "regulate insurance" from preemption. Previously, it was unclear whether "bad faith" claims fell within the savings clause. The cases discussed above, however, established that bad faith claims did not fall within the savings clause.

493 U.S. 855 (1989) (holding ERISA preempts bad father refusal to pay and breach of contract causes of action that relate to employee welfare benefit plans).

In her reply brief, Khan acknowledges that her claim is completely preempted and concedes that this court must follow controlling Eleventh Circuit precedent. (Doc. #11, ¶ 2). Khan indicates that she believes the Eleventh Circuit has misapplied the law and wishes preserve the issue for appeal to the Supreme Court of the United States. This court must follow the clear precedent established Eleventh Circuit and accordingly grants the defendant's motion to dismiss.

### B. Motion to Strike Punitive and Extra-Contractual Damages

SoCo contends that the plaintiff's claims for extracontractual and punitive damages should be stricken because the damages are not allowed under ERISA. The United States Supreme Court has recognized that the only remedies available for claims falling under the purview of § 502(a) are those expressly enumerated by Congress. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987).[2] *Id.* Because claims for extracontractual and punitive damages conflict with § 502's enforcement and remedy provisions, they are preempted under ERISA. 29 U.S.C. §§ 1001(b) and 1132(a) (1998). In conclusion, this court holds that the remedies Khan seeks pursuant to her bad faith claim are preempted because they conflict with ERISA's civil enforcement scheme.

---

[2] Specifically the court held that:
> [t]he policy choices reflected in the inclusion of certain remedies and the exclusion of other under the federal scheme would be completely undermined if the ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA. Therefore § 502(a)'s civil enforcement mechanisms are exclusive and have "preemptive force.

*Pilot Life Ins.*, 481 U.S. at 54.

### C. Motion to Strike Request for a Jury Trial

Kahn requested a jury trial for this proceeding. Eleventh Circuit precedent clearly holds that there is not right to a jury trial under ERISA. *See Hunt v. Hawthorne Assoc., Inc.*, 119 F.3d 888, 907 (11th Cir. 1997); *Blake v. Union Mutual Stock Life Ins. Co. of America*, 906 F.2d 1525, 1526 (11th Cir. 1990); *Chilton v. Savannah Foods and Industries, Inc.*, 814 F. 2d 620, 623 (11th Cir. 1987); *Howard v. Parisian, Inc.*, 807 F. 2d 1560, 1566-67 (11th Cir. 1987) (noting that "every other circuit has reached the same conclusion"). Accordingly, this court grants SoCo's motion to strike the plaintiff's request for a jury trial.

## V. Conclusion

The motions of SoCo to dismiss Count I of Khan's claim asserted against them and to strike her request for a jury trial and punitive and extracontractual damages will be granted by an appropriate order in conformity with this memorandum of opinion.

Done, this 30th of September, 2002.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

5